# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| William Harbour | : | |
| | : | |
| Individually and on behalf of other members of the general public similarly situated, | : : : | Civil Action No. 2:19-cv-1545 |
| | : | JUDGE |
| Plaintiff, | : : | MAGISTRATE |
| | : | |
| v. | : | **Jury Demand Endorsed Hereon** |
| | : | |
| McNeil Group, Inc d/b/a Pinnacle Metal Products | : : | |
| | : | |
| Defendant. | : | |

**COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND INDIVIDUAL COMPLAINT FOR VIOLATIONS OF THE OHIO MINIMUM FAIR WAGE ACT**

Now comes Plaintiff William Harbour (referred to herein as "Plaintiff" or "Named Plaintiff" or "Harbour"), individually and on behalf of other members of the general public similarly situated, for his complaint against Defendant McNeil Group, Inc. d/b/a Pinnacle Metal Products ("Defendant" or "Pinnacle") hereby states as follows:

## I. PRELIMINARY STATEMENT

Plaintiff, on behalf of himself and all others similarly situated, brings this collective action pursuant to 29 U.S.C. § 216(b), against Defendant seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; and seeking all available relief under the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Law"), O.R.C. §§ 4111 *et seq.*, and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Law and the OPPA will be referred to collectively as the "Ohio Acts"). Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted individually by the

1

Named Plaintiff and all Ohio Opt-ins who join this case. Named Plaintiff's allegations as to his own acts are based on personal knowledge and other allegations are made on information and belief.

## II. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant employed the Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendant has done substantial business in the Southern District of Ohio.

## III. THE PARTIES

4. Harbour is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Plaintiff was employed by Defendant from approximately May 2018 until November 2018.

6. Defendant is an Ohio for-corporation doing business as Pinnacle Metal Products located at 1701 Woodland Ave., Columbus, Ohio 43219. Defendant fabricates, delivers, and installs stairs.

## IV. FACTS

7. During his employment with Defendant, Plaintiff worked more than 40 hours in workweeks, but he was not paid one and one-half his regular rate for those hours worked over 40. Instead, Defendant classified hours worked over 40 as "comp time" or otherwise banked and applied the overtime hours as straight time hours in subsequent workweeks.

8. At all times relevant herein, the Named Plaintiff was an employee of Defendant as defined in the FLSA, O.R.C. Chapter 4111, and Ohio Constitution Art. 2 §34a.

9. At all times relevant herein, the Named Plaintiff was an hourly, non-exempt employee of Defendant as defined in the FLSA, O.R.C. Chapter 4111 and Ohio Constitution Art. 2 §34a.

10. At all times relevant herein, the Named Plaintiff and others similarly situated were covered, non-exempt employees of Defendant who, pursuant to Section 7 of the FLSA, were required to receive not less than one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours.

11. At all times relevant herein, the Named Plaintiff and others similarly situated do not fit within the exemption found in section 7(o) of the Act that permits a public agency, a State, a political subdivision of a State, or an interstate governmental agency, to provide compensatory time off in lieu of monetary overtime compensation as required under section 7.

12. At all times relevant herein, Named Plaintiff and others similarly situated were not employees employed by a State, a political subdivision of a State, or an interstate governmental agency as defined by the FLSA and Ohio Administrative Code.

13. At all times relevant herein, the Named Plaintiff and others similarly situated were not employees paid by warrant of the director of budget and management.

14. At all times relevant herein, the Named Plaintiff and others similarly situated were entitled to receive not less than one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours, not "comp time" or otherwise banked and applied the overtime hours as straight time hours in subsequent workweeks.

15. The Named Plaintiff brings this action on his own behalf and on behalf of those similarly situated, and he has given his written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. The Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

16. Defendant is and has been an "employer" as that term is defined by the FLSA, O.R.C. Chapter 4111, and Ohio Constitution Art. 2 §34a.

17. At all times relevant to this action, Defendant has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

18. Upon information and belief, Defendant's employees were engaged in interstate commerce and Defendant had annual gross volume sales and/or business in an amount not less than $500,000.00, exclusive of excise tax.

19. During relevant times, Defendant has benefitted from the work performed by Named Plaintiff and those similarly situated.

20. During relevant times, Defendant suffered and permitted Named Plaintiff and those similarly situated to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one- and one-half times their regular rates.

21. During relevant times, Defendant was not a State, a political subdivision of a State, or an interstate governmental agency as defined in the FLSA.

22. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

23. During relevant times, Defendant had knowledge of and acted willfully in regard to its conduct described herein.

24. Defendant is in possession and control of necessary documents and information from which Named Plaintiff would be able to precisely calculate damages.

### V.    COLLECTIVE ACTION ALLEGATIONS

25. The Named Plaintiff brings his FLSA claim pursuant to 29 U.S.C. §216(b) as a representative action on behalf of himself and all other similarly situated persons of the opt-in class, consisting of:

> All current and former hourly employees of Defendant, who worked over 40 hours in any workweek during the previous three (3) years through the date of final disposition of this case, and were not paid time and half for the hours they worked over 40 because of Defendant's use of "comp time" or its practice to bank hours worked over 40 in any given workweek to apply them to subsequent workweeks (the "216(b) Class" or "216(b) Class Members").

26. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to the Named Plaintiff, numerous putative 216(b) Class Members have been denied proper overtime compensation due to Defendant's company-wide payroll policy and practice. The Named Plaintiff is representative of

5

those other employees and is acting on behalf of their interests as well as his own in bringing this action.

27. The identity of the putative 216(b) Class Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

### VI. ALLEGATIONS PERTAINING TO PLAINTIFF AND THOSE SIMILARLY SITUATED

28. During relevant times, Plaintiff and those similarly situated worked more than forty (40) hours per workweek but were not compensated at a rate of at least one and one-half times their regular rates for the hours worked in excess of 40.

29. During relevant times, Plaintiff and those similarly situated were not exempt from the overtime provisions of the FLSA and the Ohio Acts.

30. Plaintiff and those similarly situated have suffered damages and continue to suffer damages as a result of Defendant's acts or omissions as described herein.

### VII. CAUSES OF ACTION

#### FIRST CAUSE OF ACTION:
#### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

31. All of the preceding paragraphs are realleged as if fully rewritten herein.

32. This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the 216(b) Class.

33. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

34. During the three years preceding the filing of this Complaint, Defendant employed the Named Plaintiff and the 216(b) Class Members.

35. The Named Plaintiff and the 216(b) Class Members employment positions reflect a cross-section of hourly non-exempt employment positions used by Defendant.

36. During relevant times, the Named Plaintiff and the 216(b) Class Members were paid on an hourly basis.

37. At times during their employment, the Named Plaintiff and the 216(b) Class Members worked in excess of 40 hours in a workweek.

38. Defendant violated the FLSA with respect to Named Plaintiff and the 216(b) Class by, *inter alia*, failing to compensate them at one and one-half times their regular rates for any hours worked over forty (40) hours in a workweek. Rather, Defendant had a company-wide policy and practice of crediting employees with "comp time" instead of overtime, resulting in unpaid overtime to Plaintiff and those similarly situated.

39. The Named Plaintiff and the 216(b) Class Members were not exempt from receiving FLSA overtime benefits.

40. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the 216(b) Class Members are entitled.

41. Defendant has knowingly and willfully failed to pay the Named Plaintiff and the 216(b) Class Members the overtime wages they were due.

42. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay the Named Plaintiff and the 216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or was not kept by Defendant.

43. As a direct and proximate result of Defendant's conduct, the Named Plaintiff and the 216(b) Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the 216(b) Class Members.

## SECOND CAUSE OF ACTION:
## UNPAID OVERTIME PURSUANT TO THE OHIO WAGE LAW

44. All of the preceding paragraphs are realleged as if fully rewritten herein.

45. This claim is brought under Ohio Law.

46. Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

47. The Named Plaintiff and those similarly situated to the Named Plaintiff from Ohio worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03 but were not paid one and one-half times their regular hourly rate for all hours worked over 40 in a workweek.

48. Defendant's company-wide corporate policy of crediting employees with "comp time" or otherwise banking and applying the overtime hours as straight time hours in subsequent workweeks and not paying one and one-half times their regular hourly rate for the hours the Named Plaintiff and those similarly situated from Ohio worked over 40 each week resulted in unpaid overtime to Plaintiff and those similarly situated Ohioans.

49. Named Plaintiff and those similarly situated Ohioans were not exempt from the wage protections of Ohio Law.

50. Defendant's repeated and knowing failure to pay overtime wages to the Named Plaintiff and those similarly situated Ohioans were violations of R.C. §4111.03, and as such, Defendant acted willfully.

51. For Defendant's violations of R.C. §4111.03, by which the Named Plaintiff and those similarly situated Ohioans have suffered and continue to suffer damages; the Named Plaintiff and those similarly situated Ohioans seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## THIRD CAUSE OF ACTION
## VIOLATION OF OHIO'S PROMPT PAY ACT

52. All of the preceding paragraphs are realleged as if fully rewritten herein.

53. During relevant times, Defendant was an entity covered by the OPPA and the Named Plaintiff and those similarly situated Ohioans have been employed by Defendant within the meaning of the OPPA.

54. The OPPA requires that the Defendant pay Named Plaintiff and those similarly situated Ohioans all wages, including unpaid overtime, on or before the first day of each month, for wages earned by him during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by him during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

55. During relevant times, Named Plaintiff and those similarly situated Ohioans were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

56. The Named Plaintiff's and those similarly situated Ohioans' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

57. Named Plaintiff and those similarly situated Ohioans have been harmed and continue to be harmed by such unpaid wages.

58. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## FOURTH CAUSE OF ACTION:
## PLAINITFF'S INDIVIDUAL CLAIM FOR TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

59. All of the preceding paragraphs are realleged as if fully rewritten herein.

60. In or around August 2018, Plaintiff applied to Matheson Tri Gas ("Matheson") for a driver position following conversations with John Lucas ("Lucas") and Marty Jones ("Jones"). Plaintiff was instructed to apply at Matheson and the terms of his compensation were discussed.

61. Plaintiff was subsequently offered employment as a driver by Matheson being paid $21 per hour with a $3,000 sign-on bonus.

62. After Plaintiff received the job offer from Matheson, he was told by Lucas that his boss with Defendant, Dan Nealy ("Dan"), was unhappy that Matheson offered Plaintiff employment. Lucas also told Plaintiff that Dan threatened Matheson's salesperson Melissa Dehil that if Matheson hired Plaintiff, Defendant would terminate its business relationship with Matheson.

63. As a result of Dan's call to Matheson, Matheson pulled its job offer to Plaintiff.

64. Defendant's contact with Matheson constitutes an intentional interference with Plaintiff's business relationship with Matheson as the contact resulted in the revocation of the Matheson job offer.

65. As a result of the intentional interference by Defendant, Plaintiff suffered damages.

10

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff requests judgment against Defendant for violations of the FLSA, and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Awarding to the Named Plaintiff and the 216(b) Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

D. Awarding Named Plaintiff and the 216(b) Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses.

E. Awarding Named Plaintiff, the 216(b) Class Members and those similarly situated such other and further relief as the Court deems just and proper;

WHEREFORE, Named Plaintiff requests judgment against Defendant for violations of the Ohio Wage Law and the OPPA, and for an Order:

F. Awarding to the Named Plaintiff and the Ohio members of the 216(b) Class unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

G. Awarding Named Plaintiff and the Ohio members of the 216(b) Class costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H. Awarding Named Plaintiff, the Ohio members of the 216(b) Class such other and further relief as the Court deems just and proper;

I. Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the Ohio Acts;

WHEREFORE, Plaintiff requests judgment against Defendant for its intentional interference with Plaintiff's business relationship with Matheson, including lost compensation, benefits, compensatory damages, and pre-judgment interest, post-judgment interest, costs, attorneys' fees and any and all other relief the Court deems just and appropriate.

Respectfully submitted,

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**Coffman Legal, LLC**
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Telephone: (614) 949-1181
Facsimile: (614) 386-9964
*mcoffman@mcoffmanlegal.com*

*Attorney for Plaintiff and those similarly situated*

## JURY DEMAND

Plaintiff hereby demands a jury trial of twelve (12) persons to hear all issues so triable.

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman