**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| William Harbour, *et al.* | : CASE NO.:  2:19-cv-1545-EAS-CMV |
| | : |
| Plaintiffs, | : JUDGE EDMUND A SARGUS JR |
| | : |
| v. | : MAGISTRATE JUDGE CHELSEY M |
| | : VASCURA |
| McNeil Group, Inc. d/b/a Pinnacle Metal | : |
| Products | : |
| | : |
| Defendant. | : |

---

**JOINT MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT**

---

Plaintiff William Harbour (the "Representative Plaintiff") on behalf of himself and all opt-in Plaintiffs (hereinafter collectively the "Plaintiffs"), and McNeil Group, Inc dba Pinnacle Metal Products ("Pinnacle") jointly move this Court for approval of the settlement and entry of a consent judgment of the above captioned case pursuant to the terms of the Collective Action Settlement agreement, a copy of which is attached hereto as **Exhibit A**. A proposed consent judgment is attached hereto as **Exhibit B** for the purpose of approving the settlement and consent judgment, except to retain jurisdiction for the limited purpose of enforcing the terms of the Consent Judgment, if necessary.

I. **Background**

This is a collective action for unpaid overtime wages brought by Representative Plaintiff, individually and on behalf of others similarly-situated who worked as an hourly employee for Pinnacle and who specifically regularly worked more than 40 hours per workweek, but were not paid all overtime wages owed under the Fair Labor Standards Act ("FLSA") because, for a period of time, Pinnacle had a "comp time" policy where it banked hours worked over 40 in

1

workweeks and applied those hours to future workweeks. Plaintiff alleged that Pinnacle's comp time policy violated the FLSA because the hours are improperly banked instead of the employees being paid overtime for such hours worked. Plaintiff also pursued claims under the Ohio Minimum Fair Wage Act's overtime law, though facts and damages line up with those available to Plaintiff under the FLSA.

Plaintiff also alleged that Ohio's Prompt Pay Act ("OPPA"), Ohio Revised Code 4113.15(b) was also violated by Pinnacle's policy given that employees were not paid all money due them in a timely manner.

Plaintiff also brought state common law claims against Defendant individually for allegedly providing a potential subsequent employer information about Plaintiff and asking the potential new employer not to hire Plaintiff. That cause of action was pleaded individually.

The period of time for the claims was April 22, 2016 through April 22, 2019 (the "Covered Period").

To streamline the case, the Parties agreed to conditional certification and sent notices to all current and former similarly-situated employees who were subjected to the policy during the Covered Period. Of those notified, six former/current employees consented to join the class  and thus the proposed settlement includes:

1.    William Harbour

2.    Ricky Baldwin

3.    Austin Seinkiewicz

4.    Dustin Knapp

5.    Ronald Karns III

6.    Joshua Welch

7.      Mark Fowlkes

Once the notice period ended, the Parties mediated the matter telephonically before Tony Merry and the matter was resolved. With this Motion, the Parties jointly request that the Court grant final approval to the Settlement. Specifically, pursuant to the terms of the Settlement Agreement (Exhibit A), the Parties request the Court enter a Proposed Final Approval Order (Exhibit B).

II.   **The Negotiations**

Pursuant to the Settlement Agreement, Defendant is to pay Plaintiffs and Class Counsel as set forth in Section 4 of the Settlement Agreement, which includes (a) all of the individual payments to the six (6) opt-in Plaintiffs and to Representative Plaintiff Harbour; (b) Representative Plaintiff Harbour's Service Payment (which covers compensation for his representative role as well as compensation to settle his individual claim); and (c) Plaintiffs' Counsel's attorneys' fees and expenses.  Plaintiffs' Counsel believes the proposed Settlement is in the best interests of the Plaintiffs. *See* **Exhibit C** (Coffman Decl. ¶ 18, 25). Plaintiffs will receive 100% of their individual unpaid overtime damages, 100% of their liquidated damages, and 100% of their OPPA damages as calculated by Plaintiffs' Counsel. *See* **Exhibit C** (Coffman Decl. ¶18). In addition, Representative Plaintiff will receive a $6,000 service payment that also includes a general release of his individual claim. **Exhibit C** (Coffman Decl. ¶19). Plaintiffs' counsel will receive $6,500 for all fees and costs incurred in this action and for administrating the settlement. **Exhibit C** (Coffman Decl. ¶21). This amount of attorneys' fees and costs represents a reduction in fees of over 57%, but such reduction was made to ensure that Plaintiffs received their full possible damages. **Exhibit C** (Coffman Decl. ¶21-24)

In exchange for these payments and other consideration provided for in the  Settlement Agreement, the Representative and opt-in Plaintiffs will release Defendant from federal and state wage-and-hour claims, rights, demands, liabilities and causes of action asserted in the Complaint, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and Ohio law.

III.     **The Court Should Approve the Settlement and Consent Judgment**

A court presiding over an FLSA action may approve a proposed settlement of the action under § 216(b) "after scrutinizing the settlement for fairness". *Lynn's Food Stores, Inc.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The court must specifically decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008).

Here, the settlement reflects a reasonable compromise of issues actually in dispute, the settlement was reached in an adversarial context in which Plaintiffs were represented by counsel, and the totality of the settlement is fair and reasonable. The settlement in this case was reached in an adversarial proceeding, through arm's length negotiations between capable attorneys who have the necessary experience to protect the rights of the Parties in this matter. The Parties well understand that litigation is an inherently risky process, and the likelihood of success for either party is virtually unknown. The issues in this case were in dispute, and settlement was achieved with an understanding of the disputed claim after mediation.

          **1.   The Individual Payments Are Reasonable
             and Adequate**

The settlement in this case is fair and should be approved because the individual payments represent the **full** damages Plaintiffs could receive under the FLSA and Ohio laws during the applicable recovery periods. **Exhibit C** (Coffman Decl. ¶18)

### 2. Representative Plaintiff's Service Awards are Proper and Reasonable

Service awards to a representative plaintiff recognizing the value of his or her services on behalf of other participants are proper. As stated in *In re Dunn & Bradstreet Credit Services Customer Litigation*, 130 F.R.D. 366 (S.D. Ohio 1990):

> Numerous courts have not hesitated to grant incentive awards to representative plaintiffs who have been able to effect substantial relief for classes they represent.

130 F.R.D. at 373 (citing *Wolfson v. Riley*, 94 F.R.D. 243 (N.D. Ohio 1981); *Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27, 32 (E.D. Pa. 1985); *In re Minolta Camera Products Antitrust Litigation*, 666 F. Supp. 750, 752 (D. Md. 1987)).

In this Circuit, service awards to representative plaintiffs are "typically justified when Representative plaintiffs expend more time and effort beyond that of other class members in assisting class counsel with litigation, such as by actively reviewing the case and advising counsel in prosecution of case." *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 273, 276 (S.D. Ohio 1997).

The courts recognize that "differentiation among class representatives based upon the role each played may be proper in given circumstances." *Dun & Bradstreet*, 130 F.R.D. at 374 (citing *In re Jackson Lockdown/MCO Cases*, 107 F.R.D. 703, 710 (E.D. Mich. 1985)). *See also Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991) (among the factors warranting incentive awards are the "time and effort spent" by the

5

individuals in question and "whether these actions resulted in a substantial benefit to Class Members").

Throughout the nearly sixteen (16) months this matter has been pending, Representative Plaintiff Harbour contributed significant time, effort, and detailed factual information enabling the Parties to ultimately successfully resolve this matter. In addition to assisting with the damages analysis and estimated unpaid overtime calculations leading up to mediation, Representative Plaintiff Harbour was consulted before and during the mediation (and traveled to Court for a mediation that was previously canceled). Representative Plaintiff Harbour's participation in the mediation contributed to the successful resolution of the matter. The service award settles Representative Plaintiff Harbour's individual claim for tortious interference with a business relationship as asserted in the Complaint. Representative Plaintiff Harbour's time and efforts support the requested service payments. *See* **Exhibit C** (Coffman Decl. ¶19)

### 3. The Attorneys Fees and Expenses to Plaintiffs' Counsel Are Proper and Reasonable

In addition, as part of its fairness determination, the Court must also determine that the proposed attorneys' fees are reasonable. *See Strong v. Bellsouth Telecomms*., 137 F.3d 844, 849-50 (5th Cir. 1998); *see also Zoll v. Eastern Allamakee Cmty School Dist.*, 588 F.2d 246, 252 (8th Cir. 1978). The FLSA has a fee-shifting provision that provides that the prevailing party shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b) (a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."); *see also* O.R.C. § 4111.10(A) (liability includes paying "costs and reasonable attorney's fees as may be allowed by the court"). Indeed, "[a]n award of attorneys' fees under the FLSA is ***mandatory***, with the amount of fees within the discretion of the court." *Cruz v. Vel-A-Da, Inc*. Case No. 3:90CV7087, 1993 WL 659253, *3 (N.D.

Ohio May 14, 1993) (*citing United Slate, Tile & Composition v. G & M Roofing,* 732 F.2d 495, 501 (6th Cir.1984)). The federal courts have long recognized the profound importance of plaintiff's right to recover attorneys' fees under the FLSA. *See, e.g., Shelton v. Ervin,* 830 F.2d 182, 184 (11th Cir. 1987) (FLSA's fee recovery provision, 29 U.S.C. § 216(b), is not collateral to the merits of an FLSA lawsuit but, rather, is an "integral part of the merits of FLSA cases and part of the relief sought therein."). There is no numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable. Congress has determined that it is important for FLSA rights to be enforced, and that reasonable attorney fees must be awarded to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant. *See, e.g., Fegley v. Higgins,* 19 F.3d 1126, 1134-43 (6th Cir. 1994) (FLSA fee award "encourages the vindication of congressionally identified policies and rights"). Thus, it is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *See City of Riverside v. Rivera,* 477 U.S. 561, 574, 578 (1986) (no rule of proportionality in cases awarding fees under § 1988, in order to ensure lawyers are available to represent persons with legitimate claims). This principle has been applied in many cases in the FLSA context. *See, e.g., Pellegrini v. Tower 10, LLC, et al*, No. 2:16-cv-00293-JLG-TPK, Doc. #31 and 32 (S.D. Ohio 2017, J. Graham) (in a small collective action case, the Court approved settlement of $2,000 to the Representative plaintiff and $11,500 for attorneys' fees and costs); *Fox v. Tyson Foods, Inc.*, No. 4:99-CV-1612-VEH, Doc. 819 (N.D. Ala. Feb. 17, 2009) (in an FLSA case in which three individual donning and doffing claims were tried, the plaintiffs collectively recovered $4,937.20 in wages but were awarded $765,618.10 in attorneys' fees based the attorney's lodestar hourly rates); *Hodgson v. Miller Brewing Co.,* 457 F.2d 221, 228-29 (7th Cir. 1972); *Perdomo v. Sears, Rosebuck & Co.,* Case No. 97-2822-CIV-T-17A, 1999 WL

1427752, *10 (M.D. Fla. Dec. 3, 1999); *Wales v. Jack M. Berry, Inc.,* 192 F.Supp.2d 1313, 1327 (M.D. Fla. 2001); *Heder v. City of Two Rivers,* 255 F.Supp.2d 947, 955 (E.D. Wis. 2003); *Perrin v. John B. Webb & Assocs.,* Case No. 604CV399ORLKRS, 2005 WL 2465022, *4 (M.D. Fla. Oct. 6, 2005)("in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time").[1]

Plaintiffs have submitted sufficient evidence to support of the amount requested for attorneys' fees and costs. The services rendered to Plaintiffs reflect the extensive experience Plaintiffs' Counsel have in FLSA class and collective actions. This experience led to the settlement which resulted in payments of 100% of Plaintiffs' damages under the FLSA and Ohio, including liquidated damages. Defendant has agreed to pay these fees and costs as part of the negotiated Agreement here. Moreover, the law firm representing Plaintiffs accumulated at least $15,191.81 in attorney's fees and costs. However, the $6,500 payment for fees and costs represents a reduction of $8,691.81 in the lodestar fees and costs. *See* **Exhibit C** (Coffman Decl. ¶24)

As set forth above, Defendant has agreed to pay a reasonable amount to Plaintiff's counsel for their fees and costs as provided in the Settlement Agreement and general release submitted to the court. Based on all relevant factors, the proposed payment of attorneys' fees and cost

---

[1] *See also Howe v. Hoffman-Curtis Partners Ltd.* 215 Fed. Appx. 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 358 (5th Cir. 1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Albers v. Tri-State Implement, Inc*., 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *King v. My Online Neighborhood, Inc*., 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. Feb. 20, 2007) (approving a settlement for $4,500 in unpaid wages and $10,500 in attorney's fees); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00); *Griffin v. Leaseway Deliveries, Inc.,* 1992 U.S. Dist. LEXIS 20203 (E.D. Pa. Dec. 31, 1992) (awarding attorney's fees of $33,631.00 for a plaintiff's award of $17,467.20); *Holyfield v. F.P. Quinn & Co.,* 1991 U.S. Dist. LEXIS 5293, *1 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney's fees for a judgment in the amount of $921.50).

reimbursements to Plaintiffs' counsel is proper and reasonable, and fulfills the purpose and intent of the FLSA's fees provision.

IV.    **Conclusion**

The Parties submit that this Settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action.  Accordingly, the Parties request that this Court: (1) enter the proposed Order; (2) approve Plaintiffs' Counsel's request for attorneys' fees, costs, and expenses; (3) approve the Representative Plaintiff's Service Payment; and (4) retain jurisdiction to enforce the Settlement.

Respectfully submitted,

| | |
|---|---|
| /s/ Matthew J.P. Coffman_____ | /s/ Sara H. Jodka |
| Matthew J.P. Coffman (0085586) | Jonathan R. Secrest (0075445) |
| COFFMAN LEGAL, LLC | Sara H. Jodka (0076289) |
| 1550 Old Henderson Road | DICKINSON WRIGHT PLLC |
| Suite 126 | 150 East Gay Street, Suite 2400 |
| Columbus, Ohio 43220 | Columbus, Ohio 43215 |
| Phone: (614) 949-1181 | Telephone (614) 744-2572 |
| Fax: (614) 386-9964 | Facsimile (844) 670-6009 |
| Email: mcoffman@mcoffmanlegal.com | E-mail:  jsecrest@dickinsonwright.com |
| | sjodka@dickinsonwright.com |
| *Attorney for Named Plaintiff and* | |
| *those similarly situated* | *Attorneys for Defendant* |
| | *McNeil Group, Inc.* |
| | *d/b/a Pinnacle Metal Products* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of August 2020, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Matthew J.P. Coffman_____
Matthew J.P. Coffman